UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KRYGOSKI CONSTRUCTION
COMPANY, INC.,

    Plaintiff,

v.                                        Case No. 2:04-cv-76
                                                HON. DAVID W. MCKEAGUE

CITY OF MENOMINEE,

    Defendant.
_____/

## ORDER

Defendant has moved for expenses and attorney fees incurred as a result of a motion to compel filed against plaintiff. On March 16, 2005, this court granted defendant's motion to compel. Defendant has asserted that it incurred costs in the amount of $5,547.50 and fees in the amount of $170.23. A hearing was held on April 7, 2005. Defense counsel represented that additional costs of $2,280.00 were being sought for travel to the hearing. Fed. R. Civ. P. 37(a)(4) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff asserts that the discovery responses were provided even before the motion to compel was filed and before the court entered the order granting the motion. As a result, plaintiff has requested Rule 11 sanctions against defendant because the motion to compel should never have been filed and that the court order was unnecessary. Further, plaintiff argues that a motion to compel was improper because plaintiff had already provided answers to discovery requests and defendant was actually seeking to have more complete answers or a ruling on plaintiff's objections to certain discovery requests. However, defendant prevailed on the motion to compel.[1] The motion to compel was proper and was necessary to force plaintiff to provide answers to appropriate discovery requests that plaintiff would not otherwise have provided. Fed. R. Civ. P. 37(a)(3) provides that an evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer or respond.

Plaintiff concedes that copies of e-mails between former counsel and plaintiff were not provided to defendant. Defendant also asserted that invoices, billing summaries and legal memoranda were also not provided. Plaintiff filed this action to recover attorney fees incurred under state and federal environmental laws. Defendant is clearly entitled to all documents which relate to plaintiff's claim for attorney fees. Judge McKeague's order of April 11, 2005, provides further support for the conclusion that defendant prevailed on their discovery motion and are entitled to attorney fees.

Accordingly, an award of costs to defendant is appropriate. Plaintiff has not contested the amount of fees and costs requested by defendant, but has only argued that defendant is not entitled to any award of costs and fees. Defendant is entitled to an award of $5,547.50 in costs, and

---

[1] Plaintiff filed an appeal of the March 16, 2005, order granting defendant's motion to compel. By order dated April 11, 2005, the appeal was denied.

$170.23 in fees. As to defendant's claim of $2,280.00 in travel related costs to attend the hearing on this motion, the court will not penalize plaintiff for defendant's decision to hire counsel located six hours from the federal courthouse without a showing of some special need. That amount will be reduced to $400.00.

Therefore, defendant's motion for attorney fees and costs (docket #94) is GRANTED. plaintiff shall pay to defendant costs and fees in the amount of $6,117.73 on or before May 19, 2005.

IT IS SO ORDERED.


      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 19, 2005