UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KRYGOSKI CONSTRUCTION
CO., INC.,

       Plaintiff,

v.                                         Case No. 2:04-cv-76
                                         HON. DAVID W. MCKEAGUE

CITY OF MENOMINEE, et al.,

       Defendants.
_____/

**OPINION**

        In March of 2002, defendant City of Menominee ("Menominee") purchased a 2.7 acre parcel of property which would serve as an expansion of an existing public park known as Spies Field. Plaintiff Krygoski Construction Co., Inc., owns property adjacent to the city's parcel and maintained that the property contained environmental contaminations, including concentrations of chromium and lead. Plaintiff maintains that defendant Menominee refused to conduct an investigation of its plans to expand Spies Field. According to plaintiff, plaintiff's efforts eventually resulted in federal authorities investigating Spies Field and insisting upon a clean-up operation. Plaintiff filed this civil action for cost recovery pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9607(a), and Part 201 of the Michigan Natural Resources and Environmental Protection Act (NREPA), MCL § 324.20126. During April of 2004, the United States Environmental Protection Agency (USEPA) began cleaning up the site and that clean-up process has concluded. On August 4, 2004, this Court issued a scheduling order requiring discovery to be completed by March 16, 2005. In a stipulation

and order entered on March 16, 2005, discovery was extended until April 30, 2005. Presently pending before the Court are:

> 1. Motion of Non-Party Bart Stupak to Quash Subpoena Ad Testificandum;
>
> 2. Plaintiff's Motion: (1) To Compel the Depositions of Employees of the U.S. Environmental Protection Agency and Other Depositions, All of Which Were Timely Noticed, With Subpoenas Timely Served For Deposition Dates Prior to the End of Discovery, and (2) to Amend Scheduling Order Accordingly to Extend Dates For Discovery Cut-Off and Dispositive Motions; and
>
> 3. United States Environmental Protection Agency's Motion to Quash Subpoenas and In Response to Plaintiff's Motion to Compel.

A hearing was held on these motions on June 3, 2005. Plaintiff requested and was given additional time to file a supplemental pleading after the hearing. Plaintiff has filed a supplemental response brief.

Plaintiff subpoenaed Congressman Stupak to provide documents and deposition testimony on April 28, 2005. Congressman Stupak was unavailable to provide deposition testimony on that date. His office informed plaintiff's counsel that he would be available on May 10, 2005. The Court had already extended the discovery cut-off date. Discovery in this matter was to be completed on or before April 30, 2005. Congressman Bart Stupak moves to quash the subpoena relating to this testimony because the deposition was not completed by April 30, 2005, because plaintiff has failed to demonstrate extraordinary circumstances justifying the necessity to take the deposition of a sitting member of Congress, and because the testimony is barred by the Speech and Debate Clause. Congressman Stupak intends to comply with the subpoena requiring him to produce documents.

Plaintiff was obligated to complete discovery prior to April 30, 2005. Noticing discovery prior to that date for completion after the close of discovery did not satisfy that obligation. Nor could plaintiff rely on a non-party's statement of availability after the close of discovery to somehow extend the discovery cut-off date. Discovery is closed. Congressman Stupak is not a party in this case and has no concern regarding the time limits placed on discovery in this case. It was plaintiff's responsibility to complete discovery within the time limits imposed by the court. Plaintiff may not take any new depositions after the close of discovery.

Plaintiff claims that extraordinary circumstances require the deposition testimony of Congressman Stupak after the close of discovery. Plaintiff has alleged that contamination from the Spies Field expansion site spilled onto adjoining property or environmental waste products were dumped on adjoining property. Plaintiff claims that Congressman Stupak wrote a letter to the USEPA asking the USEPA to inspect plaintiff's properties for environmental contamination in retaliation for plaintiff's complaints about contamination at the Spies site. Even if plaintiff's claims are true, they are not relevant to the subject matter of the complaint. Congressman Stupak is not a party in this action. Plaintiff's claim is for response costs associated with the Spies site. Moreover, plaintiff has not established that any proposed testimony from Congressman Stupak would fall outside the immunities granted to the Congressman under the Speech and Debate Clause of the Constitution. *Doe v. McMillan*, 412 U.S. 306 (1973). Accordingly, Congressman Stupak's motion to quash the testimonial aspect of the subpoena will be granted.

Plaintiff has also asked to extend the discovery deadline so that he could take the depositions of employees of the USEPA. Plaintiff wishes to take the deposition of USEPA employees to discover whether USEPA employees have knowledge of concrete, rusted car parts and

paint that were allegedly buried on or adjacent to the Spies site by the Linder-Sorenson Body Shop. It appears that plaintiff's request to depose USEPA employees is not relevant to the subject matter of this complaint, but simply an attempt to discover new and unrelated environmental damage. Moreover, as plaintiff's counsel admitted at the hearing, the subpoenas appear defective under the court rules[1] and it is now too late to extend the discovery deadline once again.

Plaintiff has requested to continue the deposition of Michigan DEQ geologist Christopher Austin which began on April 7, 2005, but was suspended because the attorneys needed to attend a court hearing on that date. At the close of the deposition, it appears that the attorneys agreed to continue the deposition of Mr. Austin at a later time period. Defendant now argues that there was no agreement to continue the deposition. A fair reading of the deposition transcript shows that the attorneys did in fact make an agreement to continue the deposition. The transcript states:

> Mr. Ryan: Okay. It's almost 2:00 o'clock. I don't know how you want to – we've got to be over there at 2:30.
>
> Mr. Lennington: Yeah, and we've got to grab some lunch before we get over there.
>
> Mr. Ryan: What I'm going to suggest is – I've got quite a bit to go, and so I'm going to suggest we reconvene this at a later date in Menominee. Do you have a problem with that?
>
> Witness: When?
>
> Mr. Ryan: Well, I don't know. We're going to have to coordinate schedules. But we've got to go to a court hearing at 2:30 – okay – so otherwise I'd continue. And I've got to catch a fight back this afternoon. We should probably firm up the dates and time on these deps next week, too. But isn't it closer – Menominee closer for you than Marquette.

---

[1]Federal Rules of Civil Procedure 37 and 45.

> Mr. Lennington: No.
>
> Witness: No. Marquette's closer.
>
> Mr. Lennington: It's 72 miles to here –
>
> Mr. Ryan: Huh?
>
> Mr. Lennington: It's 72 miles to here and it's 100 and some to Menominee.
>
> Witness: Well, it comes out to when I drive and I fill in mileage out it's like 200 and some round trip from here it's like a –
>
> Mr. Ryan: Well, we'll try and – what days are best for you?
>
> Witness: It's easier if you let me know. And the only reason I'm saying that, my wife is a track coach.
>
> Mr. Lennington: We'll go off the record.
>
> Mr. Ryan: Yeah. Well, it's on the record that I'm not finished; right?
>
> Mr. Lennington: Yeah.
>
> Mr. Ryan: Yeah. Okay. We're just agreeing that we'll reconvene the deposition at a convenient time. Okay. You've got all the – oh, put on the record too Dan's taking all the exhibits.
>
> Mr. Lennington: I'm taking the summary judgment Exhibits.

Since it is clear that the parties agreed to continue the deposition of Mr. Austin and no objections to continuing the deposition were stated on the record, plaintiff shall be entitled to continue the deposition of Mr. Austin at a time that is mutually agreeable by the parties.

Accordingly, plaintiff's motion to compel depositions and to extend dates for discovery is denied in part and granted in part. Plaintiff may continue the deposition of Mr. Austin. No further discovery depositions will be allowed in this case. The USEPA's motion to quash

- 6 -

subpoenas will be granted and Congressman Stupak's motion to quash subpoena ad testificandum will be granted.

                                    /s/ Timothy P. Greeley
                                    TIMOTHY P. GREELEY
                                    UNITED STATES MAGISTRATE JUDGE

Dated:   July 13, 2005