UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| KRYGOSKI CONSTRUCTION COMPANY, INC., a Michigan Corporation, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | No. 2:04-cv-076 |
| | ) | *Edgar* |
| CITY OF MENOMINEE, a Michigan municipal corporation, and DOES 1 through 10, inclusive, | ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

**MEMORANDUM**

This is an action for cost recovery under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675 ("CERCLA") and the Michigan Natural Resources and Environmental Protection Act, Mich. Comp. Laws §§ 324.20101 *et seq.* ("NREPA"). Plaintiff Krygoski Construction Company, Inc. ("Krygoski") seeks recovery of its alleged response costs pursuant to Section 107 of CERCLA. 42 U.S.C. § 9607. Krygoski seeks its costs incurred in testing soil from property owned by the defendant City of Menominee ("Menominee") and for its attorneys' fees and expert fees.

This Court has already granted Menominee's motion for summary judgment and denied Krygoski's motion for summary judgment. [Court Doc. Nos. 210, 211]. Krygoski has appealed this Court's ruling to the United States Court of Appeals for the Sixth Circuit and has also filed a motion for reconsideration in this Court. [Court Doc. Nos. 212, 214]. The Sixth Circuit has issued a letter to the parties indicating that it will hold Krygoski's appeal in abeyance until this

Court rules on Krygoski's motion for reconsideration. This Court has reviewed Krygoski's motion for reconsideration, Menominee's response, and Krygoski's proposed reply brief. After reviewing all of the relevant materials submitted, this Court will **DENY** Krygoski's motion for reconsideration.

**I.     Background**

This Court has already discussed the relevant facts in its opinion granting Menominee's motion for summary judgment and denying Krygoski's motion for summary judgment. [Court Doc. No. 210]. Therefore, this Court will only discuss the newly raised facts pertinent to this motion.

Krygoski's motion for reconsideration rests on new evidence discovered in May of 2006 demonstrating that additional contamination may exist on the 2.7 acre site that Menominee purchased in 2002 (the "Site") for its expansion of Spies Field, a public recreational park. Krygoski has submitted a "preliminary report concerning the oil seeps recently observed at Spies Filed [sic] adjacent to the Krygoski Construction Property" prepared by Christopher Rog, a Senior Geologist at Sand Creek Consultants, an environmental and geological consultation company. [Court Doc. No. 213-2].[1]

Mr. Rog's report states that in April and May of 2006, he observed oil seeping from a

---

[1] Both parties should be reminded of the requirements of Fed.R.Civ.P. 56(e) and the general rule that exhibits to motions should be properly authenticated. *See Saleh v. City of Warren, Ohio*, 86 Fed.Appx. 866, 868 (6th Cir. 2004). Krygoski submits Mr. Rog's preliminary report, curriculum vitae, and photographs without any affidavit from Mr. Rog authenticating these exhibits. *See* [Court Doc. No. 213]. Both parties submitted exhibits in support of their motions for summary judgment, such as deposition testimony, that was not properly authenticated by affidavit. *See e.g., Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006); [Court Doc. Nos.192, Ex.1; 192, Ex.3; 192, Ex.4; 192, Ex.7; 192, Ex.9; 193 Ex.A; 193, Ex.B; 193, Ex.C; 193, Ex.F; 193, Ex.I]. This Court overlooked these procedural defects present in both parties' filings to reach the parties' substantive claims. However, in any future filings before this Court, the parties should be cautioned to file only properly authenticated exhibits.

retaining wall separating the Site from Krygoski's property. [Court Doc. No. 213-2]. Mr. Rog's report stated that "[w]hile it is impossible to know with certainty the volume of oil which underlies Spies Field and is contributing to these seeps, it can be stated with reasonably [sic] certainty that the volume of oil under Spies Field is significant, possibly much greater than several thousand gallons." *Id.* Mr. Rog's summary concludes that the oil seepages "are expected to persist significantly worsen [sic] over time, and pose an immediate need for investigation and remediation." *Id.* Mr. Rog documented three separate areas of oil seepage. *Id.*

Krygoski alleges that this new evidence of further contamination at the Site illustrates how Menominee, the Michigan Department of Environmental Quality ("MDEQ"), and the United States Environmental Protection Agency ("EPA") have all misled this Court. Krygoski further argues that the alleged misrepresentations relating to the Site being completely remediated warrant a different ruling on Krygoski's motion for summary judgment and Menominee's motion for summary judgment.

The parties dispute the nature of the observed oil seepages, with Menominee arguing that petroleum is not covered as a hazardous substance under CERCLA, and Krygoski retorting in its proposed reply that contaminants such as "chromium, lead, VOCs and PCBs" may also be present in the oil seepages. [Court Doc. No. 220-3]. The Court finds that Mr. Rog's reports provide some support for Krygoski's theory that its property may be threatened with contamination emanating from the Site at this time. *See id.*; [Court Doc. No. 213-2].

**II.   Motion for Reconsideration**

Krygoski brings its motion for reconsideration pursuant to this Court's Local Rule 7.4(a). That rule states:

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead [sic], but also show that a different disposition of the case must result from a correction thereof.

W.D.Mich. L.Civ.R. 7.4(a). This Court has previously found that a party moving for reconsideration pursuant to Local Rule 7.4(a) "bears a heavy burden." *Wrench LLC v. Taco Bell Corp.*, 36 F.Supp.2d 787, 789 (W.D. Mich. 1998).

### III. Analysis

#### A. Motion to Reply and Failure to Disclose Expert Report

Initially, this Court will address two preliminary issues before turning to the substance of this motion. Krygoski filed a motion to file a reply to Menominee's response to its motion for reconsideration. [Court Doc. No. 220-1]. Krygoski also filed its proposed reply with proposed exhibits, including an update of the report by Mr. Rog. [Court Doc. Nos. 220-2, 220-3]. Menominee opposes Krygoski's motion to file a reply and points out that Local Rule 7.1(d) requires a moving party to ascertain whether a motion will be opposed. W.D.Mich. L.Civ.R. 7.1(d). Although this Court has previously ruled that a failure to follow Local Rule 7.1(d) "provides a sufficient basis in itself to deny" a motion, in this action, this Court will grant Krygoski's motion to file a reply brief to provide the Sixth Circuit with a complete record on appeal. *Woodhull v. County of Kent*, 2006 WL 708662 *1 (W.D. Mich. 2006).

Menominee also argues that Krygoski's failure to disclose Mr. Rog as an expert witness pursuant to this Court's order regarding disclosure of expert witnesses precludes this Court from considering Mr. Rog's reports as evidence in support of Krygoski's motion to reconsider. [Court Doc. Nos. 30, 64]. This Court further notes that Krygoski failed to move to extend the deadline

-4-

for disclosure of expert witnesses and failed to move to amend its expert witness list. Krygoski has further failed to explain to this Court why it was unable to disclose Mr. Rog earlier in this litigation. Krygoski has failed to comply with procedural requirements pertaining to the disclosure of potential experts and their opinions. However, although this Court could refuse to consider Mr. Rog's reports, after substantive review of them, this Court concludes that Mr. Rog's substantive conclusions are still irrelevant to the issues pertinent to this lawsuit.

      **B.**    **Krygoski's Motion for Reconsideration**

Krygoski appears to have had trouble throughout this litigation understanding the nature of the lawsuit it has filed. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court has noted that this statement must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The complaint must also state a "demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a)(3).

Krygoski's Second Amended Complaint clearly states that it "is a civil action for cost recovery pursuant to Section 107 of" CERCLA. [Court Doc. No. 33]. As this Court stated previously, Section 107 of CERCLA provides that four types of potentially responsible parties ("PRPs") are liable for costs of "removal" or "remedial action" by the government, as well as "any other necessary costs of response incurred by any other person consistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(B). The Second Amended Complaint does not state a claim under CERCLA's citizens' suit provision, 42 U.S.C. § 9659. [Court Doc. No. 33].

CERCLA's citizens' suit provision allows an individual to bring a civil action against "any person . . . who is alleged to be in violation of any standard, regulation, condition, requirement, or order which has become effective pursuant to this chapter." 42 U.S.C. § 9659(a)(1).

Section 107 clearly provides for a recovery of necessary costs of response expended. 42 U.S.C. § 9607. Count one of Krygoski's Second Amended Complaint states that it is for "CERCLA Section 107 Cost Recovery." [Court Doc. No. 33]. The Second Amended Complaint further alleges that "Plaintiff has incurred 'necessary costs of response . . . consistent with the national contingency plan.'" *Id.* This allegation reflects a statement about alleged costs expended in the past, not costs that may be expended in the future if Menominee fails properly to remediate the Site. The Second Amended Complaint further requests cost recovery for "response activity incurred by Plaintiff" under the Michigan NREPA. *Id.* at ¶ 72. Krygoski alleges that "Plaintiff incurred costs conducting response activity for the releases of hazardous substances at the" Site. *Id.* at ¶ 73. Again, Krygoski requests recovery for past expenses incurred.

Although Krygoski expresses much concern over its perceived risks to the public due to its evidence of continued contamination of the Site, it did not state a cause of action, such as a citizens' complaint, in its Second Amended Complaint that would allow it to investigate and seek to force Menominee further to remediate Spies Field. Krygoski's additional evidence of contamination to its property and to the Site still does not change the cause of action Krygoski filed.

In the summary judgment briefing, Krygoski specifically requests alleged response costs through July 31, 2005 of $253,472.61. [Court Doc. No. 203-17]. These alleged necessary response costs include: $86,418.49 in attorneys' fees paid to one law firm; $46,800 for the

-6-

alleged "expert" fees of Dale Pape, Sr. for various activities, including attending depositions, preparing documents for production, and preparing Freedom of Information Act ("FOIA") requests; $21,780.87 for attorneys' fees paid to a second law firm; and $3,340.25 for fees paid to an environmental consulting company that tested various soil samples gathered by Krygoski. *Id.* In addition to these costs, Krygoski requested an additional $95,133.00 in response costs incurred from February 28, 2005 to July 31, 2005. *Id.* These costs appear to be for additional attorneys' fees. [Court Doc. No. 193, Ex. K]. A review of the requested recovery for the alleged necessary costs of response reveals that the vast majority of the requested expenses were for attorneys' fees associated with core litigation activities and Mr. Pape's fees associated with helping Krygoski's attorneys with litigation activities. *See* [Court Doc. Nos. 213-2, 193 Ex. K, 193 Ex. F, pp. 20-126]. Krygoski details only $3,340.25 for fees relating to an investigation of soil contamination on the Site and Krygoski's property.

In its motion for reconsideration, Krygoski does not attempt to argue that this Court's rulings that Krygoski is not entitled to its attorneys' fees or Dale Pape's expert fees are misguided. As this Court found in its prior opinion, the U.S. Supreme Court has held that attorneys' fees for litigation-related activities are not compensable under CERCLA's Section 107. *Key Tronic Corp. v. United States*, 511 U.S. 809, 819-21, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994); *see also Village of Milford v. K-H Holding Corp.*, 390 F.3d 926, 935-36 (6th Cir. 2004). Further, fees for expert witnesses are not compensable under CERCLA unless they are a necessary part of remediating a site and closely related to the cleanup. *Redland Soccer Club, Inc. v. Department of Army of U.S.*, 801 F.Supp. 1432, 1437 (M.D. Penn. 1992); *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 92 (2d Cir. 2000). Compensable costs under CERCLA are

expenses of clean-up, not of preparation for litigation. *Redland Soccer Club, Inc.*, 801 F.Supp. at 1437; *Gussack Realty Co.*, 224 F.3d at 91-92. Krygoski's evidence of attorneys' fees demonstrates fees billed for core litigation activities. [Court Doc. No. 193, Ex. F; 193, Ex. K]. As such, these fees are not compensable under Section 107. *See Key Tronic Corp.*, 511 U.S. at 819, 114 S.Ct. 1960. Krygoski has not provided any evidence suggesting that Mr. Pape's alleged "expert" fees were closely related to the clean-up of the Site or to remediating the Site. Thus, the vast majority of the fees Krygoski requests are not recoverable expenses under CERCLA, even if Krygoski were able to demonstrate a prima facie case under Section 107.

The only costs remaining that Krygoski requested in its Second Amended Complaint are $3,340.95 that Krygoski paid to environmental consultants for testing soil samples that Mr. Pape collected. The new information provided in Mr. Rog's reports does not demonstrate that Krygoski's expenses for testing soil samples from the Site were caused by Menominee's release of hazardous substances on Krygoski's property or that such expenses were necessary. Therefore, the Court's concludes that its reasoning on the parties' summary judgment motions continues to apply. *See* [Court Doc. No. 210].

Mr. Rog's reports may be relevant to *future* costs of remediation that Krygoski may incur. This Court finds no fault with Mr. Rog's credentials or the somewhat inconclusive nature of his report. However, Mr. Rog's report relates to the current condition of the Site and does not aid Krygoski in establishing that its testing of soil samples from the Site several years ago were necessary and were caused by Menominee's release of hazardous substances on Krygoski's property. If Krygoski incurs costs remediating its property in the future due to the seepage of hazardous substances onto its property from the Site, such costs may well be recoverable under

CERCLA. However, Section 107 does not contemplate recovery for future costs, it provides recovery for costs already expended. 42 U.S.C. § 9607(a)(4)(B). As this Court has attempted to explain to Krygoski, any "new claims and new defendants can be pursued in a separate action." [Court Doc. No. 183]. This Court is not suggesting that Krygoski's evidence of additional contamination of the Site and potential contamination of Krygoski's property may not be relevant to a citizens' suit under CERCLA or to the recovery of any future necessary costs of remediation on Krygoski's property. However, Krygoski is bound by the Second Amended Complaint it filed, and the $3,340.25 Krygoski seeks for investigating the Site is not a recoverable cost under CERCLA's Section 107. Mr. Rog's new evidence does not affect the Court's reasoning regarding Krygoski's claim for recovery of past expenses incurred.

### C.  Menominee's Request for Fed. R. Civ. P. 11 Sanctions

Menominee has requested its attorneys' fees for responding to Krygoski's motion for reconsideration. It requests this Court to enter an order regarding attorneys' fees and direct Krygoski to show cause why attorneys' fees should not be imposed under Fed. R. Civ. P. 11(c)(1)(B). However, this Court declines to enter such an order.

If Menominee chooses, it may file a motion for sanctions under Fed. R. Civ. P. 11(c)(1)(A). Such a motion should be filed separately from "other motions or requests." Fed. R. Civ. P. 11(c)(1)(A). Menominee must also demonstrate that it has fulfilled the other requirements of Fed. R. Civ. P. 11(c)(1)(A) in any motion for sanctions that it chooses to file.

### IV.  Conclusion

After reviewing the record and the applicable law, this Court concludes that Krygoski's motion for reconsideration of this Court's decision on the parties' motions for summary

-9-

judgment will be **DENIED**.  Krygoski's request for this Court to reconsider its judgment will be

**DENIED**.

      A separate order will enter.


Date: 7/26/06                                                                        */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE